## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KALLIE HUMPHREYS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.: 5:25-cv-00495-J** |
| | ) | **Judge: Bernard M. Jones** |
| **OU MEDICINE d/b/a OU HEALTH,** | ) | |
| **EMERGENCY PHYSICIANS OF** | ) | |
| **MIDWEST CITY, LLC, MICHAEL** | ) | |
| **KALCICH, MD, Individually,** | ) | |
| **STEFANIE BEAVERS, Individually,** | ) | |
| **and TRACEY KISEAU, Individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF EMERGENCY PHYSICIANS OF MIDWEST CITY, LLC

COMES NOW, Defendant, EMERGENCY PHYSICIANS OF MIDWEST CITY, LLC ("EPMC"), by and through the undersigned counsel, hereby submits its Answer to Plaintiff's First Amended Petition.  Defendant denies each and every allegation within Plaintiff's First Amended Petition unless specifically admitted herein. For further Answer, Defendant states as follows:

1.    Paragraph 1 is admitted.

2.    Paragraph 2 is admitted upon information and belief.

3.    Defendant admits EPMC is a limited liability company doing business in Oklahoma County. The remainder of paragraph 3 is denied.

4.    Defendant admits paragraph 4.

5.    Defendant is without sufficient information to admit or deny paragraph 5.

6.      Defendant is without sufficient information to admit or deny paragraph 6.

7.      Paragraph 7 is admitted.

8.      The previous paragraphs are incorporated herein.

9.      Defendant admits Plaintiff worked as a PA for EPMC. The remainder of paragraph 9 is denied.

10.     Defendant admits EPMC held a contract with OUH. Defendant admits health care professionals with EPMC had OUH name badges and email addresses. The remainder of paragraph 10 is denied.

11.     Defendant admits there was a transition for some EPMC providers to become OUH providers. The remainder of paragraph 11 is denied.

12.     Paragraph 12 is denied.

13.     Defendant admits there were meetings in which Plaintiff and Defendant were involved. The remainder of paragraph 13 is denied.

14.     Paragraph 14 is directed at Defendant OUH; therefore, no response is required. To the extent a response is deemed required, it is denied.

15.     Paragraph 15 is directed at Defendant OUH; therefore, no response is required. To the extent a response is deemed required, it is denied.

16.     Paragraph 16 is a statement of law, not fact; therefore, no response is required. To the extent a response is deemed to be required, it is denied.

17.     Paragraph 17 is a statement of law, not fact; therefore, no response is required. To the extent a response is deemed to be required, it is denied.

18.    Paragraph 18 is a statement of law, not fact; therefore, no response is required. To the extent a response is deemed to be required, it is denied.

19.    Paragraph 19 is denied as phrased.

20.    Defendant admits Plaintiff was a good PA. Defendant is without sufficient information to admit or deny Plaintiff's reputation among peers as stated in paragraph 20.

21.    Paragraph 21 is denied.

22.    Paragraph 22 is directed at Co-Defendants; therefore, no response is required. To the extent a response is deemed required, it is denied.

23.    Defendant admits there were texts with Plaintiff regarding her phone call with OUH personnel. The remainder of paragraph 23 is denied.

24.    Paragraph 24 is denied.

25.    Paragraph 25 is denied.

26.    Paragraph 26 is denied.

27.    Paragraph 27 states allegations against Co-Defendants; therefore, no response is required. To the extent a response is deemed required, it is denied.

28.    Paragraph 28 is denied.

29.    Paragraph 29 is denied.

30.    Paragraph 30 is denied.

31.    Paragraph 31 is admitted.

32.    Paragraph 32 is denied.

33.    Defendant is without sufficient knowledge to admit or deny paragraph 33. It is therefore denied.

34.     Paragraph 34 is a statement of law, not fact; therefore, no response is required. To the extent a response is deemed to be required, it is denied.

35.     Paragraph 35 is denied.

36.     Paragraph 36 is denied.

37.     Paragraph 37 is denied.

38.     Paragraph 38 is denied.

39.     Paragraph 39 is denied.

40.     Paragraph 40 is denied as phrased.

41.     Defendant admits OUH was EPMC's sole source of revenue. The remainder of paragraph 41 is denied.

42.     Paragraph 42 is denied.

43.     Defendant is without sufficient knowledge to admit or deny paragraph 43.

44.     Paragraph 44 is admitted.

45.     Paragraph 45 is denied as phrased; the contract speaks for itself.

46.     Defendant admits OUH informed Defendant he could not negotiate on behalf of any APPs. The remainder of the paragraph is denied.

47.     Defendant admits OUH advised him he could not negotiate on behalf of APPs. The remainder of paragraph 47 is denied.

48.     Paragraph 48 is denied.

49.     Paragraph 49 is denied.

50.     The previous paragraphs are incorporated herein.

51.     Paragraph 51 is a statement of law, not fact; therefore, no response is required. To the extent a response is deemed to be required, it is denied.

52.     Paragraph 52 is denied.

53.     Paragraph 53 is denied.

54.     Paragraph 54 is denied.

55.     Paragraph 55 is denied.

56.     Paragraph 56 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

57.     Paragraph 57 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

58.     Paragraph 58 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

59.     Paragraph 59 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

60.     Paragraph 60 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

61.     Paragraph 61 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

62.     Paragraph 62 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

63.     Paragraph 63 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

64.    Paragraph 64 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

65.    Paragraph 65 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

66.    Paragraph 66 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

67.    Paragraph 67 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

68.    Paragraph 68 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

69.    Paragraph 69 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

70.    Paragraph 70 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

71.    Paragraph 71 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

72.    Paragraph 72 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

73.    EPMC admits it had a contract with Plaintiff. The remainder of paragraph 73 is denied.

74.    Paragraph 74 is denied.

75.    Paragraph 75 is denied.

76.    Paragraph 76 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

77.    Paragraph 77 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

78.    Paragraph 78 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

79.    Paragraph 79 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

80.    Paragraph 80 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

81.    Paragraph 81 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

82.    Paragraph 82 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

83.    Paragraph 83 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

84.    Paragraph 84 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

85.    Paragraph 85 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

86.    Paragraph 86 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

87.    Paragraph 87 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

88.    Paragraph 88 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

89.    Paragraph 89 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

90.    Paragraph 90 is denied.

91.    Paragraph 91 is denied.

92.    Paragraph 92 is denied.

93.    Paragraph 93 is denied.

94.    Paragraph 94 is denied.

95.    Paragraph 95 is denied.

96.    Paragraph 96 is denied.

97.    Paragraph 97 is denied.

98.    Paragraph 56 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

99.    Paragraph 56 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

100.    Paragraph 56 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

101.    Paragraph 56 is not directed at this Defendant; therefore, no response is required. To the extent a response is required, it is denied.

102.    Paragraph 102 is denied.

103.    Paragraph 103 is denied.

104.    Paragraph 104 is denied.

105.    Paragraph 105 is denied.

106.    Paragraph 106 is denied.

Defendant denies Plaintiff's claim for relief and prays for judgment in his favor together with costs, fees, and all other relief allowed by law.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     Plaintiff's damages, if any, were caused by third-parties over whom Defendant has no control.

3.     Plaintiff's damages, if any, were the cause of her own conduct.

4.     Plaintiff materially breached her contract.

5.     Assumption of the risk.

6.     Estoppel.

7.     Waiver.

8.     Duress.

9.     Impossibility.

Dated: May 19, 2025.                    Respectfully submitted,

                                        **GORDON & REES**

                                        **ROBERT A. BRAGALONE, OBA #31898**
                                        Telephone: (214) 231-4714 (Direct Dial)
                                        Facsimile: (214) 461-4053
                                        Email: BBragalone@grsm.com
                                        **DANIEL J. CARD, OBA #30034**
                                        Telephone: (214) 813-3441 (Direct Dial)
                                        Email: DCard@grsm.com
                                        3030 NW Expressway, Suite 300 #682
                                        Oklahoma City, OK  73112

                                        **ATTORNEYS FOR DEFENDANT**
                                        **EMERGENCY PHYSICIANS OF**
                                        **MIDWEST CITY, LLC and DEFENDANT**
                                        **MICHAEL KALICH, MD**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on May 19, 2025, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.  Any other counsel of record or unrepresented party will be served by electronic mail, facsimile transmission and/or U.S. First Class mail on this same date.

                                        */s/ Daniel J. Card*
                                        Daniel J. Card